UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT
FILED

AUG 2 5 2014

MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

-PS/O-

JOHNNIE P. WASHINGTON,

Plaintiff,

-v-

DECISION AND ORDER
13-CV-6630G

KAREN CROWLEY, S. MOORE, CAROL
HILLMAN, BONNIE MORRIS, J. ALOI,
M. NEMIER, REPERT, HANA MARTIN,
M. SMITH, TESTSTANI II, SARGEANT AYERS,
VICKI SEAFORD, MS. WINTERS, LAURA
HAMILTON and M. COOK,

Defendants.

## INTRODUCTION

Plaintiff, Johnnie P. Washington, filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1). Plaintiff then filed numerous letters and documents with the Court indicating he was attempting to supplement his complaint (Docket Nos. 3-6). By Order dated January 28, 2014, plaintiff was directed to amend his complaint and include all claims he is intending to bring against all parties so that the Court may review a single pleading (Docket No. 7). The plaintiff has now filed an amended complaint (Docket No. 8).

The Court has reviewed plaintiff's amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Plaintiff alleges that defendants improperly placed him on New York State's Sex Offender Registry and took various unlawful actions against him at several prisons throughout New York State, including physically assaulting him at Southport Correctional Facility.

For the reasons set forth below, plaintiff's claim of improper placement on the sex offender registry against defendant Crowley and his claim of use of excessive force against defendants Smith, Teststanti and Ayers may proceed forward against these defendants in their individual capacity and official capacity claims are dismissed. Plaintiff's claims of verbal harassment, false misbehavior reports and weapons planted in his cell are dismissed with prejudice. Plaintiff's claim of denial of privileges is dismissed without prejudice. Anthony Annucci, Acting Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"), is added as a defendant in his official capacity for the purpose of effectuating any equitable relief which may be granted to plaintiff. Defendants Moore, Hillman, Morris, Aloi, Nemier, Repert, Martin, Seaford, Winters, Hamilton and Cook are dismissed from this action.

## DISCUSSION

Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. The Court shall dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Abbas v. Dixon,* 480 F.3d 636 (2d Cir. 2007).

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage,* 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson,* 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Erickson v. Pardus,* 551 U.S. 89, 93(2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *see also Boykin*

2

*v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in *pro se* cases after *Twombly*). "A document filed *pro se* is to be liberally construed, . . . , and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks and citations omitted). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "'unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.' " *Abbas*, 480 F.3d at 639 (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam)).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).

## NATURE OF CLAIMS

Plaintiff's amended complaint read as a whole alleges that defendants have committed constitutional violations against him because they have information that he is a sex offender. Plaintiff asks for relief including that the Court "investigate" his inmate records and have "any and every sexual document removed or expunged" from his records. Plaintiff states that the constitutional basis for his claims is the Ninth Amendment.

In deference to plaintiff's *pro se* status, the plaintiff's allegations have been read to "raise the strongest arguments that they suggest." *Weixel v. Board of Educ. City of New York*, 287 F.3d 138, at *146 (2d Cir. 2002) citing *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999) (internal

3

quotation marks omitted). For this reason, plaintiff's claims have not been analyzed by the confines of the Ninth Amendment.

## Sex Offender Registration

Plaintiff alleges that defendant Crowley, the Deputy Superintendent of Programs at Wende Correctional Facility, improperly placed him on the New York State Sex Offender Registry. *See* New York Sex Offender Registration Act ("SORA"), N.Y. Correct. Law § 168. Plaintiff alleges that he does not have a conviction that qualifies for the sex offender registry based on the date of the particular conviction.[1]

Plaintiff has alleged sufficient facts to allow the claim of improper placement on the sex offender registry to go forward against defendant Crowley.

## Verbal Harassment

Plaintiff alleges that he was verbally harassed, including being publically called a "rapist," and threatened on numerous occasions by defendants Crowley, Moore, Hillman, Morris, Aloi, Nemier, Smith, Ayers, Seaford, Winters, Hamilton and Cook. These events are alleged to have taken place at Wende, Elmira, Southport, Clinton and Upstate Correctional Facilities.

Plaintiff's claim of verbal abuse and harassment is reviewed under the Eighth Amendment prohibition against cruel and unusual punishment. However, "harassment or profanity alone, unaccompanied by any [physical] injury, no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983." *Shabazz v. Pico*, 994 F. Supp. 460, 471

---

[1] The Court notes that the DOCCS website indicates that plaintiff has a prior conviction under DIN 82A4787 with a maximum expiration date of April 25, 1992.

4

(S.D.N.Y. 1998) (citation and internal quotation marks omitted); *accord, Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (finding that plaintiff's allegations that he was bumped, grabbed, elbowed, and pushed by a corrections officer and subjected to isolated episodes of verbal and physical harassment do not singly or cumulatively meet the objective or subjective components of the Eighth Amendment standard); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (affirming the dismissal of a claim that a prison guard called plaintiff names). Plaintiff does allege a separate claim of physical injury in relation to one of these incidents of verbal abuse, and this claim is addressed separately, below.

Plaintiff's claims of verbal abuse and threats, standing alone, do not sufficiently allege a constitutional violation and these claims are dismissed with prejudice against defendants Crowley, Moore, Hillman, Morris, Aloi, Nemier, Smith, Ayers, Seaford, Winters, Hamilton and Cook.

## False Misbehavior Reports

Plaintiff alleges that false misbehavior reports were written against him by defendants Moore, Hillman, and Martin and that defendant Hamilton "wrote" a misbehavior report against him. For purposes of this review, the Court takes as true plaintiff's allegations that misbehavior reports were inaccurate or deliberately falsified. *See Cooper v. Pate*, 378 U.S. 546 (1964) (directing the Court to accept as true all complaint allegations when it makes its preliminary screening of the complaint under 28 U.S.C. § 1915).

The filing of a false misbehavior report, standing alone, does not state a constitutional violation. An inmate does not have a constitutional right not to be the subject of a false report. *Freeman v. Rideout*, 808 F.2d 949, 951-53 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the

5

deprivation of a protected liberty interest"), *cert. denied*, 485 U.S. 982 (1988). A constitutional violation may occur if plaintiff was not provided adequate due process in the disciplinary proceeding which is based upon the false misbehavior report. In that case, the claim is not based on the truth or falsity of the misbehavior report, but instead on the conduct of the hearing itself. *Freeman*, 808 F.2d at 953. Further, in regard to the misbehavior report written by defendant Hamilton, plaintiff has also not stated a constitutional claim. The mere writing of a misbehavior report does not allege a constitutional violation. Plaintiff is not alleging any facts regarding the inadequacy of the disciplinary procedure and therefore has not provided facts suggesting a procedural due process violation.

Plaintiff's claims against defendants Moore, Hillman, Martin and Hamilton, for the writing and/or filing of false misbehavior reports are dismissed with prejudice.

## Weapons Planted in Cell

Plaintiff alleges that weapons were planted in his cell by defendants Aloi and Neimer at Elmira Correctional Facility, and by defendant Repert at Southport Correctional Facility. Plaintiff does not allege that the planted weapons led to a disciplinary proceeding, that the weapons were planted in his cell for any particular reason, or that any action was taken against him as a result of weapons being planted.

The allegations, standing alone, that weapons were planted in his cell by defendants Aloi, Neimer and Repert fail to state a constitutional claim for relief and this claim is dismissed with prejudice.

## Use of Excessive Force

Plaintiff alleges that defendants Smith, Teststanti and Ayers assaulted him at Southport Correctional Facility. Plaintiff states that he was beat with a chain and repeatedly kicked in the head.

Plaintiff's claim for use of excessive force may go forward against defendants Smith, Teststanti and Ayers.

Denial of Privileges

Plaintiff alleges that defendant Hamilton denied him "privileges" of an unspecified nature. In general, to state a claim, plaintiff would have to allege that he has been denied access to a program or service to which he has a constitutional right and that the denial took place in violation of the constitution. Plaintiff does not provide facts by which the Court can review this claim. "To state a claim under Section 1983, a plaintiff must allege facts indicating that some official action has caused the plaintiff to be deprived of his or her constitutional rights." *Vogelfang v. Capra*, 889 F.Supp.2d 489, 500 (S.D.N.Y. 2012) quoting *Zherka v. Amicone*, 634 F.3d 642, 644 (2d Cir.2011) (citation omitted).

Plaintiff's bare allegation that he was denied "privileges" does not state a constitutional claim against defendant Hamilton and this claim is dismissed without prejudice.

**RELIEF REQUESTED**

Plaintiff states that he is seeking equitable relief and does not specify that he is also seeking damages for defendants' actions. The manner in which the amended complaint is drafted is inconsistent with seeking only equitable relief. Plaintiff sets forth specific claims of constitutional violations connected to specific conduct of each defendant whom he alleges were engaged in constitutional violations. The individuals that plaintiff names as defendants are not in a position to implement the equitable relief he is seeking.

The Court construes the amended complaint to indicate that plaintiff is seeking relief both in the nature of both damages and equitable relief. *See Chambers v. U.S.*, 106 F.3d 472, 475 (2d Cir. 1997) *(pro se* petitions should be characterized according to the relief sought, and not to the label

7

given to them by *pro se* prisoners unlearned in the law). Further, "complaints must be viewed broadly in the context of civil rights actions." *Jessamy v. City of New Rochelle, New York*, 292 F.Supp.2d 498, 508 (S.D.N.Y. 2003) citing *Stevens v. Dutchess County, N.Y.*, 455 F.Supp. 89, 91 (S.D.N.Y. 1977).

## OFFICIAL AND INDIVIDUAL CAPACITY

Plaintiff states that he is bringing claims against defendants in their official capacity only. The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such suit or an express statutory waiver of immunity. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984). It is well-settled that states are not "persons" under § 1983, and thus Eleventh Amendment immunity is not abrogated by that statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66-67 (1989). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Plaintiff may therefore sue the defendants in their official capacity only if they consent to be sued, *Pennhurst*, 465 U.S. 89 at 99-101, and in New York the state has not consented, *see, e.g.*, *Huang v. Johnson*, 251 F.3d 65 (2d Cir. 2001).

There is an exception to the general rule that prohibits official capacity claims against state employees. A plaintiff may sue a state official in their official capacity to obtain prospective equitable relief to remedy an ongoing violation of federal law. *See Abdur-Raheem v. Selsky*, 598 F.Supp. 2d 367, 369  (W.D.N.Y. 2009) *citing Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 438 (2004); *Ex parte Young*, 209 U.S. 123 (1908); *Murray v. New York*, 585 F.Supp.2d 471, 472 (W.D.N.Y.2008). Plaintiff, seeking an expungement of materials in his records to remedy an error that he alleges violates constitutional law, fits this equitable relief exception.

8

As discussed above, the Court construes the amended complaint as seeking both equitable relief and monetary damages. Consistent with this, the Court construes the amended complaint as also bringing claims against defendants, who plaintiff alleges were personally involved in violating his constitutional rights, in their individual capacity. *See Correction Officers Benev. Ass'n v. Kralik*, 2009 WL 856395, at *7 (S.D.N.Y. 2009) (construing complaint as asserting claims against defendant in his individual and official capacities).

Individual Capacity Claims:

As discussed above, the Court has determined that the claim of improper placement of plaintiff on the sex offender registry against defendant Crowley and the claim of use of excessive force against defendants Smith, Teststanti and Ayers may go forward. These claims may proceed against defendants in their individual capacity.

Official Capacity Claims:

Plaintiff's claims for equitable relief may proceed against state officials as official capacity claims. To bring a claim seeking equitable relief, however, plaintiff must name a defendant who has sufficient ability to provide plaintiff the relief he is seeking. *See McKethan v. NYSDOCS*, 2012 WL 2367033, at *2 (S.D.N.Y. 2012). It does not appear that plaintiff has named proper parties to grant him the equitable relief he is requesting. The proper defendant would be a party that would be in a position to make the expungement take place, if the Court grants the relief.

The Court determines at this juncture that the Acting Commissioner of DOCCS, Anthony Annucci, would be able to effectuate a Court order requiring expungement of plaintiff's DOCCS records and directs that he be added as a defendant in his official capacity pursuant to Fed R.Civ.P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). Official capacity claims are dismissed against all other defendants in this action.

9

## CONCLUSION

For the reasons set forth above, plaintiff's claim of improper placement on the sex offender registry against defendant Crowley and his claim of use of excessive force against defendants Smith, Teststanti and Ayers may proceed forward as individual capacity claims and official capacity claims are dismissed. Plaintiff's claims of verbal harassment, false misbehavior reports and weapons planted in his cell are dismissed with prejudice. Plaintiff's claim of denial of privileges is dismissed without prejudice. Anthony Annucci, Acting Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"), is added as a defendant in his official capacity for the purpose of effectuating any equitable relief which may be granted to plaintiff. Defendants Moore, Hillman, Morris, Aloi, Nemier, Repert, Martin, Seaford, Winters, Hamilton and Cook are dismissed from this action.

## ORDER

IT HEREBY IS ORDERED, that the claim of improper placement of plaintiff on the sex offender against defendant Crowley in her individual capacity may go forward and the official capacity claim is dismissed;

FURTHER, that the claim of use of excessive force against defendants Smith, Teststanti and Ayers in their individual capacity may go forward and the official capacity claim is dismissed;

FURTHER, that the claims related to verbal harassment, false reports and weapons planted are dismissed with prejudice;

FURTHER, that the claim of denial of privileges is dismissed without prejudice[2];

---

[2] Should plaintiff seek to pursue any claim dismissed without prejudice by the Court herein, he must file a second amended complaint. A second amended complaint, which shall supercede and replace the amended complaint in its entirety, must allege claims of misconduct or wrongdoing against each named defendant which plaintiff has a legal

10

FURTHER, that Anthony Annucci, Acting Commissioner of DOCCS, is added as a defendant in his official capacity, and the Clerk of the Court is directed to add him to the caption in this action;

FURTHER, that defendants Moore, Hillman, Morris, Aloi, Nemier, Repert, Martin, Seaford, Winters, Hamilton and Cook are dismissed from this action;

FURTHER, that the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Amended Complaint (Docket No. 8), and this Order upon defendants Crowley, Smith, Teststanti, Ayers and Annucci without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that the Clerk of the Court is directed to forward a copy of this Order by email to Debra Martin, Assistant Attorney General in Charge, Rochester Regional Office <Debra.Martin@ag.ny.gov> ; and

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.[3]

IT IS SO ORDERED.

DAVID G. LARIMER
United States District Judge

DATED: August 25, 2014
Rochester, New York

---

right to pursue, and over which this Court may properly exercise jurisdiction. Any further amended complaint filed by plaintiff must also comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure, and will be subject to review by the Court pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

[3] Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, see Fed.R.Civ.P. 12(a)-(b), if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.