UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHNNIE P. WASHINGTON,

                        Plaintiff,

v.

                                                  Case # 13-CV-6630-FPG

                                                  DECISION AND ORDER

KAREN CROWLEY; M. SMITH;
TESTSTANI, II; SERGEANT AYERS;
& ANTHONY ANNUCCI, Acting Commissioner of DOCCS,

                        Defendants.

INTRODUCTION

*Pro se* Plaintiff Johnnie P. Washington ("Washington") is an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), and brings this action under 42 U.S.C. § 1983 alleging that the Defendants, who are DOCCS employees, violated his constitutional rights. ECF No. 8. As relevant here, Plaintiff alleges that he was illegally registered as a sex offender under the New York State Sex Offender Registry Act ("SORA") by Defendant Karen Crowley ("Crowley"). Crowley has moved to dismiss this case as against her under Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint fails to state a claim as to her upon which relief could be granted. ECF No. 14. Washington has filed a response in opposition to the motion. ECF No. 22. Because Washington's claims are barred under binding precedent from the Second Circuit, Crowley's Motion is granted, and she is dismissed from this case.

## DISCUSSION

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and "draw all reasonable inferences in Plaintiff's favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The Supreme Court has also instructed that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotations marks and citation omitted).

Washington's sole cause of action against Crowley alleges his placement on the sex offender registry violated his rights under the Ex Post Facto clause of the Constitution because the SORA was enacted in 1995, but his conviction for Sexual Abuse in the First Degree occurred in 1981. However, the Second Circuit has explicitly rejected this argument, holding that "that application of the registration and notification provisions of the SORA to persons who committed their offenses prior to the January 21, 1996 effective date of the Act does not violate the Ex Post Facto Clause." *Doe v. Pataki*, 120 F.3d 1263, 1285 (2d Cir. 1997).

Based upon this binding authority, Washington's cause of action cannot proceed as against Crowley, and she must be dismissed from this action.

## CONCLUSION

Based upon the foregoing, Defendant Crowley's Motion to Dismiss (ECF No. 14) is GRANTED and the Clerk of the Court shall terminate Crowley as a party to this case.

IT IS SO ORDERED.

Dated: August 14, 2015
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Judge