UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

JOHNNIE P. WASHINGTON,

    Plaintiff,

 -v-                                           13-CV-6630-FPG
                                                   DECISION AND ORDER

KAREN CROWLEY, et al.,

    Defendants.
───────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff Johnnie P. Washington ("Plaintiff"), an inmate currently housed at the Sing Sing Correctional Facility filed this action seeking relief under 42 U.S.C. § 1983, and alleging that his civil rights were violated while he was housed at the Southport Correctional Facility ("Southport") and other facilities. ECF No. 1. After the Court screened the Complaint, the remaining claims were: (1) a claim against Karen Crowley, Deputy Superintendent of Programs at Wende Correctional Facility, alleging that Plaintiff was wrongfully placed on the New York State Sex Offender Registry, and (2) an excessive force claim at Southport against Officer M. Smith, Officer Testani, II, and Sergeant Ayers. ECF No. 11. A Motion to Dismiss brought by Defendant Crowley was granted on August 14, 2015. ECF No. 23. The remaining Defendants have moved for summary judgment, ECF No. 36, and Plaintiff has filed a response to the Motion, ECF No. 40.

For the following reasons, Defendant's Motion is DENIED.

1

# BACKGROUND[1]

On October 7, 2013, while housed at Southport, Plaintiff was accused by a female staff member of lewd conduct and was escorted from his cell by Officers Testani and Smith, and Sergeant Ayers. Plaintiff was handcuffed and escorted down the corridor to the day room. While in the day room, Plaintiff claims he was assaulted by the three Defendants. Plaintiff claims he was first struck in the groin area from behind by Officer Smith, who had wrapped the waist chain around his wrist, and then Officer Testani grabbed Plaintiff by the arm and spun him around. According to Plaintiff, the entire time he was spinning, he was upright and never fell to the floor. While spinning, Plaintiff claims he was repeatedly kicked in his head by Sergeant Ayers with a martial arts type of kick and was struck in the groin by Officer Smith with his fist. He then claims his face was smashed into the console. The attack lasted between 3-5 minutes.

Following the alleged assault on October 7, 2013, Plaintiff did not report any injuries or seek medical treatment. He first saw a doctor three days later. An hour after the incident, Plaintiff claims he felt "extreme pain" in his groin. Plaintiff wrote a Grievance on the date of the incident which stated:

> On Oct. 7, 2013, 7-3 tour I were [sic] accused of exposing my parts of privacy to Ms. Martin.
>
> Office [sic] removed me from my cell A-4-10 and beat with chains kicked me repeatedly in my groin and kidneys and my head slammed me against the control console and continued to beat me and kick me along A-1 Company. I've urinated blood, my kidney's [sic] are swollen.

---

[1] Except as otherwise noted, the following undisputed facts are taken from the parties' respective Local Rule 56 Statements. *See* ECF No. 36-1; ECF No. 40-2, 40-3.

ECF No. 36-4 at 102.[2]  On October 10, 2013, Plaintiff wrote in an Inmate Injury Report that on October 7, 2013 he was "[b]eaten and kicked by officers M. Smith, w/chains kicked repeatedly in groin, legs, back and kidneys." *Id.* at 76-77, 105-106.

At his deposition, Plaintiff was asked "after you went through the incident you just described were you injured in any way" and he testified, "I got that in the records. Never, no, not at all." ECF No. 36-4 at 65-66. He also testified that he did not report any injuries and that there were no visible signs of injuries that required medical treatment. There were no "abrasions," "cuts" "nothing [] that required medical treatment." "I didn't require stitches. None of that. I didn't get a broken nose or a broken jaw, none of that." *Id.* at 88-89. He did testify that he had swelling in the groin. *Id.* at 88.

When Plaintiff was first seen by a doctor three days after the incident, he claims he was examined but not treated. Plaintiff was told to pull down his pants and when the Doctor looked at his groin, he told Plaintiff to get out of his office. ECF No. 40-3 at 3, ¶ 23.

Defendants deny that the incident occurred. ECF No. 36-3 at 1, ¶¶ 5-6.

## DISCUSSION

**I. Summary Judgment**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On the other hand, the non-moving party may defeat a summary judgment motion by producing sufficient facts to establish that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

---

[2]  Page references are to those generated by the Court's Case Management and Electronic Case Filing System (CM/ECF).

When reviewing a motion for summary judgment, the court must resolve genuinely disputed facts in favor of the non-moving party and must view inferences to be drawn from the facts in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, a party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986).

The submissions of a *pro se* litigant are read liberally and interpreted "to raise the strongest arguments that they suggest." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009). The Local Rules of Civil Procedure for the Western District of New York require a party moving for summary judgment to provide a statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine dispute. Local. R. Civ .P. 56(a)(1). Likewise, a party opposing summary judgment must provide a response to the moving party's statement of material facts, and "[e]ach numbered paragraph in the moving party's statement of material facts will be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement." Local R. Civ P. 56(a)(2).

Defendants argue they are entitled to summary judgment on the grounds that: (1) Plaintiff's deposition testimony to the effect that he suffered no injuries following the incident requires dismissal of Plaintiff's claim for compensatory damages inasmuch as the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), precludes the recovery of damages for mental or emotional injury in the absence of physical injury; and (2) based on Plaintiff's deposition testimony, which directly contradicts the Grievance and Inmate Injury Report, Plaintiff's claims are incredible as a matter of law. ECF No. 36-5 at 4-8.

4

**II. Excessive Force-Eighth Amendment**

An Eighth Amendment excessive force claim requires a plaintiff to prove both an objective element and a subjective element. *Hudson v. McMillian*, 503 U.S. 1, 7-8 (1992); *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999). The objective element is "contextual and responsive to contemporary standards of decency," *Hudson*, 503 U.S. at 9-10, and requires that "the injury actually inflicted is sufficiently serious to warrant Eighth Amendment protection," *Blyden*, 186 F.3d at 262.

The subjective component of an excessive force claim requires a showing that the defendant "had the necessary level of culpability, shown by actions characterized by 'wantonness' " in light of the particular circumstances surrounding the challenged conduct. *Sims v. Artuz*, 230 F.3d 14, 21 (2d Cir. 2000) (citation omitted). Whether conduct in an excessive force case was "wanton" turns on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Blyden*, 186 F.3d at 262-63.

Defendants do not challenge either element of Plaintiff's Eighth Amendment claim. Rather, they argue that the incident did not occur and that Plaintiff's claim that it did occur is incredible as a matter of law.

    A. Physical Injury Requirement

Defendants submit that Plaintiff's deposition testimony that he suffered no injuries, as supported by the medical records, establish the lack of any physical injury and, therefore, Plaintiff cannot recover compensatory damages. The PLRA provides that: "no Federal civil action may be brought by a prisoner confined in a . . . prison . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "Section 1997e(e) applies to claims in which a plaintiff alleges constitutional violations so that

the plaintiff cannot recover damages for mental or emotional injury for a constitutional violation in the absence of a showing of actual physical injury." *Thompson v. Carter*, 284 F.3d 411, 417 (2d. Cir 2002). However, the Second Circuit went on in *Thompson* to determine that "Section 1997e(e) does not deprive prisoners of adequate methods for contesting constitutional wrongs" and that "Section 1997e(e) does not limit the availability of nominal damages for the violation of a constitutional right or of punitive damages." *Id.* at 418. The Second Circuit concluded that the limitation on civil actions in Section 1997e(e) did not bar all claims and that "compensatory damages for *actual injury*, nominal, and punitive damages remain available." *Id.* at 419 (emphasis added).

Plaintiff submits that an hour following the incident he experienced "extreme pain" in his groin, Depo. Transcript at 71-72, and that he did not receive any medical attention until three days later when he spoke with a Lieutenant and showed him that he "had urine in a cup with blood in it, and he immediately got me down to medical attention." *Id.* at 74-75. Plaintiff's Grievance also states that he was repeatedly kicked in the groin, he urinated blood and his kidneys were swollen. ECF No. 36-4 at 102.

Plaintiff's own testimony creates a credibility issue regarding whether he suffered from any physical injury as a result of the alleged assault. When asked by Defendants' counsel whether he suffered an injury after the "incident he went through," Plaintiff testified that "I got that in the records. Never, no not at all." *Id.* at 65-66. Also, when asked whether "there any marks to your face or head[]," Plaintiff testified that:

> No. I told you that, and no, I was treated for none. I mean, usually if you're marked, especially if your head is slammed up against the console, if the skin is broken, you're going to require medical attention. No, there were no abrasions. There were no cuts, nothing, that required medical attention. My face was just slammed against the console. There was nothing wrong with me after that. When my face was slammed against the console, I didn't receive a cut or bruise. I didn't

6

receive a cut or bruise. I didn't require stitches. None of that. I didn't get a broken nose or a broken jaw, none of that. I told you that.

ECF No. 36-4 at 88-89.

While Plaintiff's testimony creates a question regarding whether he suffered any physical injury, the Court cannot say as a matter of law that Plaintiff did not suffer any physical injury proximately caused by the alleged assault. Plaintiff did testify that he experienced extreme pain in his groin and swelling an hour after the alleged incident, *id.* at 72, and wrote that in his Grievance. He also testified that it was not until he showed a Lieutenant three days later a cup of urine with blood in it that he was taken down for medical attention. He claims that before that other officers had ignored his requests for medical attention. ECF No. 36-4 at 74-75. Whether Plaintiff suffered any compensable physical injuries is a question that turns on credibility, and raises a genuine issue of material fact that must be resolved by the trier of fact. *See, e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.")

2. Plaintiff's Claims Incredible as a Matter of Law

Acknowledging that the Court cannot make credibility determinations on a summary judgment motion, Defendants argue that there is a "rare exception" when a plaintiff's claims are incredible as a matter of law. ECF No. 36-5 at 5-6. They claim that Plaintiff's deposition testimony as to how the assault occurred is simply unbelievable and the Court should find Plaintiff's claim of an assault incredible as a matter of law and dismiss it. Defendants cite to *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005), in support of this proposition.

In *Jeffreys*, "the Second Circuit recognized that there is a narrow exception to this well[-]established rule in the 'rare circumstances' where the sole basis for the disputed issues of fact is the plaintiff's 'own testimony' which is so lacking in credibility that no reasonable juror could find for the plaintiff." *Sanders v. Garden City Police Dept.*, No. 09-CV-2393 (JFB)(SIL), 2015 WL 5518589, at *2 (E.D.N.Y. Sept. 16, 2015) (quoting *Jeffreys*, 426 F.3d at 554). In affirming the grant of summary judgment, the panel in *Jeffreys* stated:

> [W]e hold that the District Court did not err in granting defendants' motion for summary judgment on the basis that Jeffeys's testimony—which was largely unsubstantiated by any other direct evidence was so replete with inconsistencies and improbabilities that no reasonable juror would undertake the suspension of disbelief necessary to credit the allegations made in his complaint.

*Id.* at 555. (internal quotations and citations omitted).

Plaintiff claims that he was first struck in the groin area from behind by Officer Smith, who had the waist chain wrapped around his wrist, and then Officer Testani grabbed Plaintiff by the arm and spun him around. While he was spinning, he claims he was repeatedly kicked in his head by Sergeant Ayers with a martial arts type of kick and was struck in the groin by Officer Smith. He then claims his face was smashed into the counsel. He claims that the attack lasted between 3 and 5 minutes. Defendants deny that the attack occurred and Sergeant Ayers avers that he cannot lift his leg in the manner described by Plaintiff. ECF No. 36-3 at 1.

The Court recognizes that Plaintiff's deposition testimony could be difficult to believe as to the manner in which Defendants allegedly assaulted Plaintiff, but the Court cannot say that "the facts alleged are so contradictory that doubt is cast upon their plausibility, [such that the court may] . . . dismiss the claim." *Aziz Zarif Shabbaz v. Pico*, 994 F.Supp. 460, 470 (S.D.N.Y. 1998) (internal quotation marks omitted) (cited in *Jeffreys*, 426 F.3d at 555).

The Court's role on summary judgment is to determine from the record as a whole whether there are any genuine issues of material fact. *See Jeffreys*, 426 F.3d at 554. In doing so, the Court "must construe the evidence in the light most favorable to the nonmoving party, drawing all inferences in that party's favor." *Id.* (citing *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir.2003)). "[T]he judge must ask . . . not whether . . . the evidence unmistakably favors ones side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson*, 477 U.S. at 252. Viewing the evidence in the light most favorable to Plaintiff and drawing all inferences in his favor, the Court cannot say that "a fair-minded jury could [not] return a verdict for Plaintiff," *id.*, on the evidence presented herein. While the evidence may be sparse as to whether an attack occurred and the nature of the alleged attack, the Court finds that Plaintiff's testimony is not so incredible as a matter of law that summary judgment should be granted to Defendants.

Accordingly, because material issues of fact exist, Defendants' Motion for Summary Judgment is DENIED.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment, ECF No. 36, is DENIED. This case is ready for trial, and the Court will schedule a trial date status conference by separate order.

IT IS SO ORDERED.

DATED: August 9, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court